NO. 15-55779

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

**SOLID LANDINGS BEHAVIORAL HEALTH, INC.; SURE HAVEN in its own name and dba SOLID ROCK RECOVERY; FPS LLC; STEPHEN FENNELLY; ELIZABETH PERRY; AND JOHN DOE,**

*Plaintiffs and Appellants*

v.

**CITY OF COSTA MESA,**

*Defendant and Appellee*

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(8:14-CV-01338-JVS-JCG)
_____

**DECLARATION OF LEONARD C. HERR IN SUPPORT OF SECOND MOTION FOR PRELIMINARY INJUNCTION PENDING REVIEW [FRAP 8]**

_____

Leonard C. Herr, #081896
Ron Statler, #234177
HERR PEDERSEN & BERGLUND LLP
100 Willow Plaza, Suite 300
Visalia, California 93291
Tel.:(559) 636-0200
Fax: (559) 636-9759
Attorney for Plaintiffs/Appellants

1

I, Leonard C. Herr, declare:

1. I am not a party to this action.

2. I am a partner in the law firm Herr Pedersen & Berglund LLP, attorneys of record in this action for the Plaintiffs/Appellants in this action. I submit this declaration in support of my client's second motion for preliminary injunction. The statements in this declaration are made from my own knowledge and, if called upon as a witness, I could and would competently testify to them.

3. My clients filed for relief once before in this Court. It was denied without prejudice to a further motion after relief was sought [for a third time] in the District Court. My client sought the relief. The District Court, The Honorable James Selna presiding, denied an injunction pending review. That denial appears in the District Court docket at number 78.

4. Injunctive relief is necessary here because, as is testified to in the declarations from my clients, the ordinance will close at least some of their sober living homes. The precise number is not yet known. It could be a few, it could be all of them. My clients know some homes will close because Solid Landings and the other Plaintiffs run or own sober living homes that lie within the City's newly-adopted 650 foot setback requirement that must exist between such homes in the City's R1 neighborhoods and other homes that are run or owned by the same persons.

But all of them could be forced to shut down because there is no way to know at this time whether other persons' sober living homes [or other locations dedicated to sobriety] are also within 650 foot of these homes.

5. The Ordinance's provisions will be in full force and effect on or about November 20, 2015. On that day, Solid Landings will either have to close sober living homes or operate them thereafter in violation of the law; but Solid Landings still does not know which of its homes, or how many of them, will have to close on that day. Concomitantly, Solid Landings does not know how many people will be evicted or who to notice. Injunctive relief is necessary to prevent the sudden eviction of as-yet unknown numbers of disabled persons from as-yet unknown homes in Costa Mesa's single-family neighborhoods. Without knowing who will be evicted, it is nigh-impossible to ask tenants to make plans for that day. People left vulnerable from their struggle to overcome addiction will soon have no idea if they will be able to live in their homes or, for that matter, in the town they are living in. Injunctive relief is necessary here because relief must be had to avoid irreparable injury by that day.

6. All the issues in this motion were before the Court below – indeed, some bases for the motion in the District Court have been edited out of this one due to page limits. The matter should not be remanded to the district court because that

Court has already denied relief as moot; twice. The status of the case has not changed.

7.      The record in this case is, essentially, the record submitted to the district court, which appears in the Clerk's Transcript. The citations are therefore referred to in this motion by the district court's docket number.

8.      On September 25, 2015, Attorney Ron Statler of my office contacted Attorney James Touchstone, an attorney of record for Appellee City of Costa Mesa, and notified him in a telephone conversation that my client will be filing this motion on September 25, 2015.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 25th day of September, 2015 at Visalia, California.

                              /s/ Leonard C. Herr
                              LEONARD C. HERR

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2015, I electronically filed the foregoing Declaration of Leonard C. Herr in Support of Second Motion for Preliminary Injunction Pending Review [FRAP 8] with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Executed this 25th day of September, 2015 at Visalia, California

_____
Rose Ochoa